UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANDREW J. CHERRONE, JR.,<br><br>Plaintiff,<br><br>v.<br><br>JASON SMILEY, GANN, DUNCAN, LLOYD ARNOLD, JOHN DOE,<br><br>Defendants. | CAUSE NO. 3:26-CV-1310-PPS-JEM |

OPINION AND ORDER

Andrew J. Cherrone, Jr., a prisoner without a lawyer, initiated this case by filing a motion for preliminary injunctive relief. ECF 1. Due to his pro se status, I will also construe this filing as a complaint sufficient to initiate a federal civil rights lawsuit. Under 28 U.S.C. § 1915A, I must review the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint needs to contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). I must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Cherrone has been housed at the Westville Correctional Facility (WCF) since December 4, 2025. He alleges the conditions of confinement there are unsafe and unhealthy. He says these conditions have caused him "emotional stress of knowing that at anytime he could be severely injured, get a desease [*sic*], and or die from the conditions of the facility he is forced to live in." ECF 1 at 6. He has sued Warden Jason Smiley, Deputy Warden of Operations Mr. Gann, Deputy Warden of Reentry Ms. Duncan, Commissioner Lloyd Arnold, and Safety Inspector John Doe for injunctive relief in the form of "an immediate transfer to I.D.O.C. work release/re-entry, or to another Level 1 Facility, while Defendants repair this facility." *Id*. at 7.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). An official can violate the Constitution if he or she exhibits deliberate indifference to hazardous conditions that may seriously harm an inmate. *See Thomas v. Blackard*, 2 F.4th 716, 719 (7th Cir. 2021). The standard for deliberate indifference encompasses both objective and subjective components:

> A prisoner challenging conditions of confinement must first show that the conditions were sufficiently serious as an objective matter, meaning that they denied the inmate the minimal civilized measure of life's necessities, creating an excessive risk to the inmate's health and safety. Second, in covering the subjective component of the inquiry, the inmate must prove that prison officials acted with deliberate indifference—that they knew of and disregarded this excessive risk of harm to the inmate.

*Thomas*, 2 F.4th at 719–20 (internal quotation marks, citations, and brackets omitted). Put another way, an inmate can state a viable claim for deliberate indifference if he alleges the defendant "deliberately ignored a prison condition that presented an objectively,

sufficiently serious risk of harm." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citation omitted).

With regard to the seriousness of the conditions, "[p]risons must 'provide humane conditions of confinement,' *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), but that does not mean that prisons must provide a maximally safe environment free from any minor contaminants, *Carroll v. DeTella*, 255 F.3d 470, 472–73 (7th Cir. 2001)." *Haire v. Hepp*, No. 25-1023, 2026 WL 2445437, at *1 (7th Cir. Aug. 20, 2026). "Generally speaking, challenges to conditions of confinement cannot be aggregated and considered in combination unless 'they have a mutually enforcing effect that produces the deprivation of a single, identifiable need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets.'" *Johnson v. Prentice,* 29 F.4th 895, 904 (7th Cir. 2022) (quoting *Wilson v. Seiter*, 501 U.S. 294, 304 (1991)). Allegations of vague "overall conditions" aren't sufficient. *Id*. Regarding state of mind, "[d]eliberate indifference occupies a space slightly below intent and poses a 'high hurdle and an exacting standard' requiring 'something approaching a total unconcern for the prisoner's welfare in the face of serious risks.'" *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 615 (7th Cir. 2022) (quoting *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020)); *see also Rasho v. Jeffreys*, 22 F.4th 703, 710 (7th Cir. 2022) (stating that deliberate-indifference claims will fail absent evidence of "callous disregard" for inmate well-being). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to state a constitutional claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020); *see also Stockton*, 44 F.4th at 615.

Cherrone is seeking only injunctive relief,[1] so I need not consider any damages claims against the defendants in their individual capacities. The remaining analysis applies only to the Warden in his official capacity. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (holding that warden of a correctional facility has both the authority and the responsibility to ensure inmates are housed in conditions that comport with the Eighth Amendment). Cherrone recites a litany of alleged problems with the aging facility including rodents and roaches leaving trails of urine and feces in every area of the prison, black mold everywhere, pipes leaking sewage, live electrical wires hanging by strings, no working fire alarms, and flooding through the walls, windows, and ceilings every time it rains. He says these conditions are being wholly ignored by prison officials and have created a serious risk of harm to his health and safety. *See Pyles*, 771 F.3d at 409. Giving him the benefit of the inferences to which he is entitled at this early stage, I find these allegations are sufficient to state an Eighth Amendment claim against the Warden for permanent injunctive relief to ensure Cherrone is being held in conditions that comport with the requirements of the Constitution. *See Gonzalez*, 663 F.3d at 315; *see also Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) (explaining that, under the PLRA, "remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal

---

[1] Cherrone chose to initiate this case by filing a motion for preliminary injunction. He specifically states he is "still sending a 'Notice of Tort' and preparing to file his Complaint per 42 U.S.C. § 1983," but no such complaint has been received by the court as of the date of this order. ECF 1 at 3; *see also id*. at 7 (seeking an "immediate transfer" as his form of relief).

right, and use the least intrusive means necessary to correct the violation of the Federal right.") (internal quotation marks, brackets, and citations omitted)).

I must also address the motion for preliminary injunctive relief itself. A preliminary injunction is a "exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Cassell v. Snyders*, 990 F.3d 539, 544 (7th Cir. 2021) (quoting *Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020)). To obtain a preliminary injunction, a movant "must make a threshold showing that: (1) absent preliminary injunctive relief, he will suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) he has a reasonable likelihood of success on the merits." *Tully v. Okeson*, 977 F.3d 608, 612-13 (7th Cir. 2020) (quoting *Turnell v. CentiMark Corp.*, 796 F.3d 656, 662 (7th Cir. 2015)); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As described in above, Cherrone alleges prison officials are ignoring conditions that present an immediate and excessive risk to his health and safety. The Warden will be required to file a response addressing these allegations before I rule on the motion.

Accordingly:

(1) The clerk is DIRECTED to separately docket the motion for preliminary injunction (ECF 1) as a complaint;

(2) Andrew J. Cherrone, Jr., is GRANTED leave to proceed against the Warden of the Westville Correctional Facility in his official capacity on a claim for permanent injunctive relief to ensure he is housed in conditions that comport with the Eighth Amendment;

(3) All other claims are DISMISSED;

(4) Warden Jason Smiley in his individual capacity, Deputy Warden Gann, Deputy Warden Duncan, Commissioner Lloyd Arnold, and John Doe are DISMISSED from this lawsuit;

(5) The clerk is DIRECTED, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Warden of the Westville Correctional Facility at the Indiana Department of Correction, with a copy of this order and the motion for preliminary injunction (ECF 1), which has also been construed as a complaint;

(6) The clerk is DIRECTED to email a copy of the same documents to the Warden of the Westville Correctional Facility at the Indiana Department of Correction;

(7) The Warden of the Westville Correctional Facility is ORDERED to acknowledge receipt of the email;

(8) The clerk is DIRECTED to docket receipt of the acknowledgement;

(10) The Warden of the Westville Correctional Facility is **ORDERED to file and serve a response to the request for preliminary injunction (ECF 1) by <u>November 4, 2026</u>,** (with supporting documentation and declarations from other staff as necessary) describing the conditions Andrew J. Cherrone, Jr., is currently being confined in; and

(11) Under 42 U.S.C. § 1997e(g)(2), the Warden of the Westville Correctional Facility is ORDERED, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: October 7, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT